1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL LITTLETON,                         No.  2:22-cv-0700 KJN P

12                  Plaintiff,

13          v.                                    ORDER

14    MARK MONTIEZ, et al.,

15                  Defendants.

16

17          Plaintiff is a county jail inmate, proceeding pro se.  Plaintiff seeks relief pursuant to 42

18    U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19    This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21    Accordingly, the request to proceed in forma pauperis is granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23    §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26    forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

27    of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

28    payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1    amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2    § 1915(b)(2).

3    Screening Standards

4            The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6    court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

7    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

9            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

16   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

17   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

18   1227.

19           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

24   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

25   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

26   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

27   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

28   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2

1  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

2  true the allegations of the complaint in question, <u>Erickson</u>, 551 U.S. at 93, and construe the

3  pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236

4  (1974), <u>overruled on other grounds</u>, <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

5  <u>The Civil Rights Act</u>

6       To state a claim under § 1983, a plaintiff must allege facts that demonstrate:  (1) the

7  violation of a federal constitutional or statutory right; and (2) that the violation was committed by

8  a person acting under the color of state law.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Jones v.</u>

9  <u>Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil

10  rights claim unless the facts establish the defendant's personal involvement in the constitutional

11  deprivation or a causal connection between the defendant's wrongful conduct and the alleged

12  constitutional deprivation.  <u>See</u> <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989); <u>Johnson v.</u>

13  <u>Duffy</u>, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the

14  theory that the official is liable for the unconstitutional conduct of his or her subordinates.

15  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).  The requisite causal connection between a

16  supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be

17  established in a number of ways, including by demonstrating that a supervisor's own culpable

18  action or inaction in the training, supervision, or control of his subordinates was a cause of

19  plaintiff's injury.  <u>Starr v. Baca</u>, 652 F.3d 1202, 1208 (9th Cir. 2011).

20  <u>Plaintiff's Complaint</u>

21       Plaintiff raises three separate causes of action.  In his first claim, plaintiff contends that

22  four bail bond agents have forged documents and fraudulently deprived plaintiff of his money.

23  (ECF No. 1 at 5.)  In his second claim, plaintiff checks the "basic necessities" box and sets forth a

24  laundry list of issues he faces while housed at the Sacramento County Jail, including a

25  deprivation of his right to file grievances, inadequate health care, plaintiff slipped in the shower,

26  put in a kite, but received no help; plaintiff had two seizures in his cell, put in a kite, yet received

27  no help; unsanitary cells, jail officials don't answer the emergency button, etc.  Plaintiff also

28  recites a list of issues identified by experts in the <u>Mays v. Sacramento County</u> class action.

Plaintiff states he has suffered pain, stress, and high blood pressure.  In his third claim, plaintiff alleges that he has been complaining about a burning feeling since January 17, 2022; the feeling is less, but his blood pressure is sky high.  Plaintiff has been to the doctor, who has prescribed more medications and blood work.  Plaintiff attributes such feelings to the food provided by Aramark which he claims is defective and takes his breath away.  He argues the food needs to be tested.

Plaintiff seeks money damages.

Discussion

Named Defendants

In the defendants' section of his complaint, plaintiff names as defendants Mark Montiez, Janea Herrera, Chris Moody, and James Montiez, all bail bond agents with Act Fast Bail Bonds. (ECF No. 1 at 2.)  However, in the caption of his complaint, plaintiff added Aramark and Act Fast Bail Bonds.  (ECF No. 1 at 1.)  Plaintiff is advised that he is required to list all defendants both in the caption of his pleading as well as in the text of his pleading. Fed. R. Civ. P. 10(a).  This rule helps the court and defendants determine who plaintiff is suing.

Claim One

As set forth above, to state a cognizable civil rights claim under § 1983, plaintiff must allege facts demonstrating that he was deprived of a right secured by the Constitution or laws of the United States, and the deprivation was committed by a person acting under color of state law. West, 487 U.S. at 48.  The Supreme Court has held that a private party defendant acts "under color of" state law if the conduct qualifies as state action under the Fourteenth Amendment. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 935 & n.18 (1982).  It is plaintiff's burden to allege, and ultimately establish, that the named defendants were acting under color of state law when they deprived him of a federal right.  See Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

Acts done by a private individual or private company are generally not done "under color of state law," rendering unavailable a cause of action under Section 1983.  See Gomez v. Toledo, 446 U.S. 635, 640 (1980); Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).  The Ninth Circuit has explicitly held that a bail bond agent such as the defendants named here is not a state

4

actor acting under color of state law for purposes of Section 1983.  Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 558 (9th Cir. 1974) (en banc).  See also Boyd v. City of Oceanside Police Dep't, 2013 WL 5671164, at *3 n.3 (S.D. Cal. Oct. 11, 2013); Dixon v. Wesbrook, 2012 WL 6160797, at *6 (E.D. Cal. Dec.11, 2012).  In Ouzts, the Court reasoned that "the bail bondsman is in the business in order to make money and is not acting out of a high-minded sense of devotion to the administration of justice." Ouzts, 505 F.2d at 554-55.  It also held that bail bond agents who did not comply with the state statutes governing their actions are not acting under color of state law.  Ouzts, 505 F.2d at 553-54; see also Collins v. Womancare, 878 F.2d 1145, 1153 (9th Cir. 1989).  None of plaintiff's allegations plausibly show that Act-Fast Bail Bonds or any of the four bond agents named as defendants acted "under color of state law" when the allegedly wrongful conduct occurred.  Thus, plaintiff's claims against the four bond agents and Act-Fast Bail Bonds are dismissed without leave to amend, but without prejudice.

Claim Two

Plaintiff's second claim fails because plaintiff did not identify the individual who allegedly violated plaintiff's rights, and he did not allege a specific incident with sufficient factual support to ascertain whether plaintiff can demonstrate a constitutional violation.  As set forth above, an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen, 885 F.2d at 646.  Specifically, plaintiff fails to demonstrate that a particular individual was deliberately indifferent to plaintiff's serious medical needs, or was deliberately indifferent to jail conditions posing a substantial risk to plaintiff's health or safety.  Rather, plaintiff essentially relies on a laundry list of general complaints about life in the Sacramento County Jail.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted.)  In other words, plaintiff's second claim fails to put defendants on fair notice of the claims against them as required under Rule 8 of the Federal Rules of Civil Procedure.  For that reason, plaintiff's second

1  claim must be dismissed. See, e.g., Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.,

2  637 F.3d 1047, 1058-59 (9th Cir. 2011) (collecting cases upholding Rule 8 dismissals where

3  pleadings were, inter alia, "verbose" or "rambling"); see also United States ex rel. Garst v.

4  Lockheed-Martin Corp., 328 F.3d 374, 378 (9th Cir. 2003) ("Rule 8(a) requires parties to make

5  their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin

6  from a bucket of mud.").

7      Claim Three

8      Plaintiff's third claim is unclear.  He initially claims his due process rights were violated,

9  but marks the box "medical care."  But he also contends the food provided by Aramark is

10  defective and that it is the food that is causing his "burning."  Thus, it is unclear whether plaintiff

11  is attempting to bring an Eighth Amendment conditions of confinement claim based on defective

12  food or an Eighth Amendment claim based on an individual's deliberate indifference to plaintiff's

13  serious medical needs.[1]

14      As to defendant Aramark, plaintiff alleges no facts demonstrating that Aramark acted

15  under color of state law.  As explained above, private parties are generally not considered to be

16  acting under color of state law for purposes of liability under § 1983.  See Price, 939 F.2d at 707-

17  08.

18      The Eighth Amendment protects prisoners from inhumane methods of punishment and

19  from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.

20  2006), opinion amended on reh'g, 2006 WL 3437344 (9th Cir. Nov. 30, 2006).  To show a

21  violation of the Eighth Amendment, plaintiff must allege facts sufficient to support a claim that

22  prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  E.g.,

23  Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.

24  1998).  Extreme deprivations are required to make out a conditions of confinement claim, and

25  only those deprivations denying the minimal civilized measure of life's necessities are

26

27  [1]  The undersigned observes that plaintiff is already pursuing medical deliberate indifference
claims in an earlier-filed civil rights case in which he alleges his body was "burning," and he was

28  having trouble breathing.  Littleton v. County of Sacramento, No. 2:22-cv-0567 JDP (E.D. Cal.).

1  sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian,

2  503 U.S. 1, 9 (1992).

3      The Eighth Amendment requires only that prisoners receive food that is adequate to

4  maintain health.  Graves v. Arpaio, 623 F.3d 1043, 1050 (9th Cir. 2010) (per curiam).  The food

5  "need not be tasty or aesthetically pleasing."  Lemaire v. Maass, 12 F.3d 1444, 1456 (9th Cir.

6  1993).  Plaintiff's complaint that the food smells or is improperly seasoned does not establish a

7  "sufficiently serious" deprivation of "the minimal civilized measure of life's necessities."

8  Farmer, 511 U.S. at 834.  Such allegations are plainly frivolous and fail to state a claim upon

9  which relief could be granted.  See, e.g., Lemaire, 12 F.3d at 1456 ("The fact that the food

10  occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not

11  amount to a constitutional deprivation."); Brown-El v. Delo, 969 F.2d 644, 649 (8th Cir.1992)

12  ("[Plaintiff's] claim that his constitutional rights were violated when he was served cold food is

13  frivolous").  It is unclear whether plaintiff can amend his complaint to state a cognizable claim

14  based on his complaints about the food.  But in an abundance of caution, plaintiff is granted leave

15  to amend.

16      The standards governing an Eighth Amendment claim based on medical care are as

17  follows:

18      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

19  must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091,

20  1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff

21  to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition

22  could result in further significant injury or the unnecessary and wanton infliction of pain,'" and

23  (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096

24  (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60

25  (9th Cir. 1992)).

26      Indications that a prisoner has a serious medical need for treatment include the "'existence

27  of an injury that a reasonable doctor or patient would find important and worthy of comment or

28  treatment; the presence of a medical condition that significantly affects an individual's daily

1    activities; or the existence of chronic and substantial pain.'" Lopez v. Smith, 203 F.3d at 1131

2    (quoting McGuckin, 974 F.2d at 1059-60).

3         Deliberate indifference is established only where the defendant subjectively "knows of

4    and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051,

5    1057 (9th Cir. 2004) (citation and internal quotation marks omitted). Deliberate indifference can

6    be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or

7    possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation

8    omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is

9    either known or so obvious that it should be known") is insufficient to establish an Eighth

10   Amendment violation. Farmer, 511 U.S. at 836-37 & n.5 (citations omitted).

11        Deliberate indifference "may appear when prison officials deny, delay or intentionally

12   interfere with medical treatment, or it may be shown by the way in which prison physicians

13   provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citing

14   Estelle, 429 U.S. at 104-05). A difference of opinion between an inmate and prison medical

15   personnel -- or between medical professionals -- regarding the appropriate course of treatment

16   does not amount to deliberate indifference to serious medical needs. Toguchi, 391 F.3d at 1058;

17   Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, a plaintiff "must show that the

18   course of treatment the doctors chose was medically unacceptable under the circumstances . . .

19   and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's

20   health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

21        As to whether or not plaintiff can state an Eighth Amendment claim based on his claim of

22   "burning," plaintiff concedes he has been to the doctor, who prescribed more medications and

23   blood work. Such allegations, standing alone, are insufficient to state an Eighth Amendment

24   claim.

25        Disparate Claims

26        All of the disparate claims raised in plaintiff's complaint, particularly the laundry list in

27   claim two, comprise a "shotgun" or "kitchen sink" complaint, "complaints in which a plaintiff

28   brings every conceivable claim." Gurman v. Metro Hous. & Redevelopment Auth., 842

F.Supp.2d 1151, 1153 (D. Minn. 2011) (fn. omitted).  Thus, the complaint does not comply with Federal Rule of Civil Procedure 20(a)(2), which provides that the right to relief against multiple defendants must arise out of common events and reflect common questions of law or fact.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits.").  Therefore, in any amended complaint, plaintiff should limit his claims to those that arise from common questions of law or fact; alternatively, plaintiff may name a single defendant and bring as many claims as he has against that party, see Fed. R. Civ. P. 18(a).

Similarly, plaintiff may not pursue the same claims in different cases at the same time.  Therefore, if plaintiff intends to pursue additional deliberate indifference claims related to medical treatment for his "burning," he should consider seeking leave to amend to raise such claims in his earlier-filed case, Littleton v. County of Sacramento, No. 2:22-cv-0567 JDP (E.D. Cal.).

Conclusion

The court finds the allegations in second and third claims so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because his first cause of action fails to state a claim and plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2) as to the second and third claims, the complaint must be dismissed.  However, the court grants leave to file an amended complaint as to the second and third claims only.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West, 487 U.S. at 48.  Also, the complaint must allege in specific terms how each named

9

defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability

under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167

(9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil

rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This requirement exists

because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

3.  Plaintiff's complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached

Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

1    also bear the docket number assigned to this case and must be labeled "Amended Complaint."

2           Failure to file an amended complaint in accordance with this order may result in the

3    dismissal of this action.

4    Dated:  June 3, 2022

5

6                                                    KENDALL J. NEWMAN
                                                     UNITED STATES MAGISTRATE JUDGE

7

8    /litt0700.14n

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL LITTLETON,                      No. 2:22-cv-0700 KJM KJN P

                      Plaintiff,
12
             v.                              NOTICE OF AMENDMENT
13
     MARK MONTIEZ, et al.,
14
                      Defendants.
15

16        Plaintiff hereby submits the following document in compliance with the court's order

17   filed_____.

18                    _____        Amended Complaint
     DATED:
19

20
                                           _____
21                                         Plaintiff

22

23

24

25

26

27

28