UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LITTLETON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARK MONTIEZ, et al.,<br><br>　　　　Defendants. | No.  2:22-cv-0700 KJN P<br><br><br>ORDER |

　　　　Plaintiff, a county prisoner proceeding pro se and in forma pauperis, filed a civil rights action pursuant to 42 U.S.C. § 1983.  On June 3, 2022, plaintiff's original complaint was dismissed and plaintiff was granted thirty days in which to file an amended complaint.  However, on the same day, two filings by plaintiff were entered on the court docket.  (ECF Nos. 13, 14.)  Both documents are filed on state court forms with the state court caption crossed out, and neither document is signed by plaintiff.  (Id.)  Subsequently, plaintiff filed two more documents which are not signed by plaintiff.  (ECF Nos. 15, 15-1.)  Plaintiff is advised that all documents submitted to the court must bear his signature.  Fed. R. Civ. P. 11(a).

　　　　Further, in all of these filings, it appears that plaintiff attempts to bring criminal charges, or pursue civil liability based on criminal statutes, against certain individuals he claims harassed him, set him up to be arrested by entrapment, engaged in criminal street gang activity, and tortured plaintiff.  "These criminal provisions, however, provide no basis for civil liability."

1

Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (criminal statutes do not give rise to civil liability); see also Jianjun Xie v. Oakland Unified School Dist., 2012 WL 5869707, at *5 (N.D. Cal. Nov. 19, 2012) ("Although plaintiffs assert many causes of action through various federal criminal statutes and California Penal Code provisions, no private right of action exists to enforce a criminal statutory provision."). If plaintiff believes that such allegations impacted the criminal charges he currently faces, he should inform his lawyer or public defender.

Plaintiff also claims his cousin slandered plaintiff by showing a degrading video. (ECF No. 13 at 5.) However, plaintiff's claim of slander is based on state tort law and therefore does not state a cognizable claim under Section 1983. Dalton v. Koenig, 2022 WL 480675, at *2 (N.D. Cal. Jan. 26, 2022); Johnson v. Nevada Dep't of Corrections, 2021 WL 5566758, at *1 (D. Nev. Nov. 29, 2021) ("Johnson's state-law claims for slander, false imprisonment, and staff misconduct are not cognizable in a federal action, so I dismiss them without prejudice and without leave to amend.")

In any event, plaintiff's filings do not constitute a civil rights complaint and do not comport with the June 3, 2022 order. Therefore, the court disregards such filings, and reminds plaintiff that he has thirty days from June 3, 2022, in which to submit his first amended complaint that complies with the June 3, 2022 order. The Clerk of the Court is directed to send plaintiff the civil rights form used by this district, and plaintiff shall use such form to amend his complaint, which he shall date and sign before filing. Fed. R. Civ. P. 11(a).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's filings ECF Nos. 13, 14, 15, and 15-1 are disregarded; and

2. The Clerk of Court is directed to send plaintiff the form for filing a civil rights action by a prisoner, which plaintiff shall use to comply with the June 3, 2022 order (ECF No. 10).

Dated: June 8, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

litt0700.disr

2