UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LITTLETON, | No. 2:22-cv-0700 KJN P |
| Plaintiff, | |
| v. | ORDER |
| MARK MONTIEZ, et al., | |
| Defendants. | |

Plaintiff, a county jail inmate proceeding pro se and in forma pauperis, filed a civil rights action pursuant to 42 U.S.C. § 1983. On June 3, 2022, plaintiff's original complaint was dismissed and plaintiff was granted thirty days in which to file an amended complaint. However, on June 6, 2022, apparently prior to receiving the June 3, 2022 order, plaintiff filed a document entitled "6/6/22 Proof of Service," but is captioned "Littleton v. Next Door Residents." (ECF No. 20.)[1] As discussed below, plaintiff's filing is dismissed and plaintiff is granted an extension of time to file an amended complaint that complies with the June 3, 2022 order.

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under

---

[1] Plaintiff also filed a fourth motion to proceed in forma pauperis. (ECF No. 21.) Plaintiff was granted leave to proceed in forma pauperis on June 3, 2022, and absent an order to the contrary, plaintiff will retain such status throughout this litigation. No further motion to proceed in forma pauperis is required.

1

the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).

Plaintiff is advised that he cannot state a cognizable civil rights claim under § 1983 against neighbors on the Next Door app, including the metro worker, because such private citizens do not act under color of state law.  In addition, as the court informed plaintiff in the June 8, 2022 order, plaintiff cannot state a cognizable civil rights claim based on alleged violations of the California Penal Code.  (ECF No. 17 at 1-2.)  "[C]riminal provisions . . . provide no basis for civil liability."  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (criminal statutes do not give rise to civil liability); see also Jianjun Xie v. Oakland Unified School Dist., 2012 WL 5869707, at *5 (N.D. Cal. Nov. 19, 2012) ("Although plaintiffs assert many causes of action through various federal criminal statutes and California Penal Code provisions, no private right of action exists to enforce a criminal statutory provision.").

Further, plaintiff cannot generally state that "defendants" violated plaintiff's constitutional rights, and then provide a list of names.  Section 1983 requires that there be an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by plaintiff.  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff must allege specific facts as to each named defendant explaining how each defendant violated plaintiff's rights.

Thus, to the extent that some of the named individuals work at the Sacramento County Jail and allegedly violated plaintiff's constitutional rights while plaintiff was housed at the jail,

plaintiff may be able to state cognizable civil rights claims provided plaintiff can identify each employee and describe specifically how such employee violated plaintiff's federal or constitutional rights.

At bottom, plaintiff's June 10, 2022 filing again fails to state a cognizable civil rights claim, and does not comport with the June 3, 2022 order. To the extent such filing constitutes plaintiff's amended complaint, the amended complaint is dismissed. Plaintiff is granted thirty days from the date of this order to file an amended complaint on the court's form that complies with this court's June 3, 2022 order. On June 8, 2022, plaintiff was provided the civil rights form used by this district, and plaintiff is required to use such form to amend his complaint. (ECF No. 17 at 2.)

Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Id. Plaintiff is cautioned that his continued failure to comply with court orders may result in an order imposing sanctions, including a recommendation that this action be terminated.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's June 10, 2022 filing (ECF No. 20) is dismissed; and

2. Plaintiff is granted thirty days from the date of this order in which to file an amended complaint on the court's form that complies with the June 3, 2022 order.

Dated: June 17, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/litt0700.dis2