UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LITTLETON, | No. 2:22-cv-0700 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| MARK MONTIEZ, et al., | |
| Defendants. | |

Plaintiff is a county jail inmate, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. On June 17, 2022, plaintiff's third amended complaint was dismissed and plaintiff was granted leave to file an amended complaint on the court's form that complies with the June 3, 2022 order. Since that date, plaintiff has filed two more putative amended complaints. However, because plaintiff's fourth amended complaint suffers the same defects as his third amended complaint, and is now superseded by his fifth amended complaint, the court will screen his fifth amended complaint (ECF No. 25). As discussed below, plaintiff's pleading is dismissed with one last opportunity to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

////

The Civil Rights Act

To state a claim under § 1983, a plaintiff must allege facts that demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff's Pleading

Plaintiff raises two separate causes of action. In his first claim, plaintiff claims that defendant Bonde, 1501, Sacramento Sheriff's Deputy, has been interfering with plaintiff's mail by opening and reading his legal mail, and then sending it to Michael Humane, who is a public defender. (ECF No. 26 at 2.) Plaintiff then explains his efforts to file grievances about mail interference by defendant Bonde in which plaintiff was unable to get a hearing. Plaintiff claims he filed another case against Bonde in Sacramento County Superior Court, in which plaintiff was give a six-month deadline, which plaintiff did on May 8, 2022, but defendant Bonde held it until plaintiff wrote numerous places for help. (ECF No. 25 at 3.)

In his second claim, plaintiff contends his privacy rights were violated, but also marked the box "threat to safety." (ECF No. 25 at 4.) Plaintiff alleges that defendants Bonde, Mark Montiez, and Janea Herrea invaded plaintiff's privacy by stealing his whole identity. (ECF No. 25 at 4.) He claims that defendants Bonde and Alexis Fickenworth-Pina set plaintiff up to die

3

through some "app" because Pina was hired by Bonde to help set plaintiff up. (ECF No. 25 at 4.) Further, plaintiff claims that bail bondsman Montiez hooked up with Bonde and Pina to sabotage plaintiff's life and try to get him life in prison because they secretly found out plaintiff is gay. Plaintiff claims that both Bonde and Montiez have plaintiff's social security number and are monitoring plaintiff's mail to embezzle money from him, and plaintiff's phones have been wiretapped. (ECF No. 25 at 4.)

Plaintiff seeks money damages.

Discussion

    Unidentified Defendants

First, plaintiff's complaint is again defective because he omitted page two of the form complaint which specifically sets out each named defendant, his or her position and address. Without such information, the court is unable to determine whether the specific defendant acted under color of state law or order service of process on such defendant. It is plaintiff's burden to allege, and ultimately establish, that the named defendants were acting under color of state law when they deprived him of a federal right. Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

In the body of his pleading, plaintiff acknowledges that defendant Montiez is a bail bondsman, and plaintiff has previously been informed that Montiez does not act under color of state law and therefore is not a proper defendant. (ECF No. 10 at 4-5.) Plaintiff did not so identify defendant Herrera in the instant complaint, but previously identified her as another bail agent, and thus plaintiff's claim against her fails as well. (ECF No. 10 at 4-5.) Plaintiff fails to identify defendant Alexis Fickenworth Pina so the court is unable to determine whether Pina acted under color of state law.

    Mail Claim

Under the First Amendment, prisoners have a right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). However, a prison may adopt regulations or practices for inmate mail which limit a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89, (1987). "When a prison regulation affects outgoing mail as opposed to incoming

mail, there must be a 'closer fit between the regulation and the purpose it serves.'" Witherow, 52 F.3d at 265 (quoting Thornburgh v. Abbott, 490 U.S. 401, 412 (1989)). Courts have also afforded greater protection to legal mail than non-legal mail. See Thornburgh, 490 U.S. at 413. Isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (emphasizing that a temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights). Generally, such isolated incidents must be accompanied by evidence of an improper motive on the part of prison officials or result in interference with an inmate's right of access to the courts or counsel in order to rise to the level of a constitutional violation. See Smith, 899 F.2d at 944.

A prison's interference with legal mail may also violate an inmate's right of access to the courts which is protected by the First Amendment's right to petition the government and the due process clause of the Fourteenth Amendment. See Snyder v. Nolen, 380 F.3d 279, 290-291 (7th Cir. 2004) (discussing the development of cases concerning a prisoner's right of access to the courts). Prison officials may not actively interfere with an inmate's right to litigate. Silva v. Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011), overruled on other grounds by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). In order to state a claim for the denial of access to the courts, a plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Lewis v. Casey, 518 U.S. 343, 349 (1996).

Here, plaintiff may be able to state a cognizable claim against defendant Bonde based on interference with plaintiff's mail, but plaintiff's allegations are too vague and conclusory for the court to make that determination. Plaintiff is granted leave to amend to address his mail claim as to defendant Bonde. Plaintiff must identify the instance or instances that Bonde interfered with plaintiff's mail and address the elements set forth above as to each instance of mail interference, if he is challenging more than one instance. If plaintiff contends he was denied access to the

courts as a result of such mail interference, he must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Plaintiff must specifically identify the deadline or claim he alleged was injured.

Claim Two

Plaintiff's second claim is implausible and too vague and conclusory to determine whether plaintiff can state an additional cause of action against defendant Bonde. His allegations as to Montiez and the other named individuals fail because such individuals do not act under color of state law or are inadequately identified such that plaintiff failed to meet his burden to demonstrate that such individual acted under color of state law.

If plaintiff is claiming that defendant Bonde poses a threat to plaintiff's safety, he must identify the nature of his own custody, as well allege specific facts as to how defendant Bonde was deliberately indifferent to plaintiff's safety, as defined by the following standards.

Deliberate indifference to an inmate's health or safety may violate the Eighth Amendment or the Fourteenth Amendment. Which of those amendments applies to an inmate's claim depends on whether he was a convicted prisoner or was a pretrial detainee at the relevant time: a prisoner's claim arises under the Eighth Amendment's Cruel and Unusual Punishments Clause while a pretrial detainee's claim arises under the Fourteenth Amendment's Due Process Clause. The two amendments have different standards.

Deliberate indifference to a prisoner's health or safety needs violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). A defendant is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Id. at 837. The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If the defendant should have been aware of the risk, but was not, then he has not violated the Eighth Amendment, no matter how severe the risk.

Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).  Negligence does not violate the Eighth Amendment.  See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004).

On the other hand, a pretrial detainee's claim arises under the Fourteenth Amendment's Due Process Clause and is governed by an objective deliberate-indifference standard rather than the subjective one that applies to a prisoner's claim.

> [T]he elements of a pretrial detainee's [safety or] medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are:  (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).  For the third element, the defendant's conduct must be objectively unreasonable, "a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'"  Id. (alteration in original) (quoting Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016)).  "[T]he plaintiff must 'prove more than negligence but less than subjective intent -- something akin to reckless disregard." Id. (quoting Castro, 833 F.3d at 1071).

To the extent plaintiff contends his identity was stolen, or that someone is embezzling money from him, absent facts not alleged here, plaintiff may not pursue such claims through a civil rights action.  Private citizens have no authority to assert civil claims under the criminal code, either state or federal.  See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes).

Conclusion

The court finds the allegations in plaintiff's fifth amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court determines that the pleading does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

1  succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must
2  allege with at least some degree of particularity overt acts which defendants engaged in that
3  support plaintiff's claim.  Id.

4      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
5  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,
6  West, 487 U.S. at 48.  Also, the complaint must allege in specific terms how each named
7  defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability
8  under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's
9  actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167
10  (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil
11  rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

12      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
13  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
14  complaint be complete in itself without reference to any prior pleading.  This requirement exists
15  because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez
16  v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint
17  supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation
18  omitted)).  Once plaintiff files a sixth amended complaint, the original pleading no longer serves
19  any function in the case.  Therefore, in such amended complaint, as in an original complaint, each
20  claim and the involvement of each defendant must be sufficiently alleged.

21      Plaintiff is required to file his sixth amended complaint on the form provided by the Clerk
22  of Court, and is required to complete and file every page of such complaint form, in particular the
23  second page in which he must identify each defendant by name, position, and address (to the
24  extent known).  Plaintiff is cautioned that failure to comply with this order, as well as the court's
25  prior screening orders, will result in a recommendation that this action be dismissed.  Fed. R. Civ.
26  P. 41(b).

27      In accordance with the above, IT IS HEREBY ORDERED that:
28      1.  Plaintiff's fifth amended complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Sixth Amended Complaint, filed on the court's form complaint.

Plaintiff's sixth amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The sixth amended complaint must also bear the docket number assigned to this case and must be labeled "Sixth Amended Complaint."

Failure to file a sixth amended complaint in accordance with this order or prior orders, may result in the dismissal of this action.

3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: October 17, 2022

/litt0700.14n3

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LITTLETON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARK MONTIEZ, et al.,<br><br>　　　　　Defendants. | No. 2:22-cv-0700 KJM KJN P<br><br><br>NOTICE OF AMENDMENT |

　　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　_____　　　　　　　Sixth Amended Complaint
DATED:

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Plaintiff